FILED
SUPERIOR COURT
OF GUAM

2020 DEC -3 PM 4: 56

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RONA BELLIS and on behalf of her minor child, A.B, <br><br> Petitioners, <br><br> vs. <br><br> DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES <br><br> GOVERNMENT OF GUAM, <br><br> Respondents. | **Superior Court Case No. SP0207-20** <br><br><br> **DECISION AND ORDER** |

Upon the conclusion of the evidentiary hearing on November 5, 2020, the Court found that in quarantining Rona Bellis and her minor child, A.B., Respondent Department of Public Health and Social Services ("DPHSS") did not provide them with means of communication adequate enough for A.B. to attend school, in violation of 10 GCA § 19604(b)(6). This Decision and Order memorializes the Court's ruling from the bench.

### I. PROCEDURAL BACKGROUND

On November 4, 2020, Bellis petitioned for a writ of habeas corpus, pursuant to 48 USCA § 1421b(e) and (l), 8 GCA § 135.10, 7 GCA § 30201, 7 GCA. § 20301, and Chapter 19 of Title 10 Guam Code Annotated. On November 5, 2020, the Court held a hearing on an Order to Show Cause issued to DPHSS. DPHSS called Bellis to testify. The Court also incorporated evidence presented at a consolidated hearing involving related cases, including *Ikei v. DPHSS*,

ORIGINAL

SP0138-20. The Court therefore considers the testimony and evidence heard before the Court on September 17-19, 22-26, and 28-30, and October 1-3, 2020.

## II.    FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence:

1. A.B. is a ninth-grader at Harvest Christian Academy in Guam. Due to the COVID-19 pandemic, students at Harvest Christian Academy have been learning remotely since the Spring of 2020.

2. Distance learning at Harvest Christian Academy requires students to virtually attend class by using a personal computer connected to the internet.

3. On July 19th, 2020, Petitioners traveled to the Philippines. A.B. attempted to start the new school year while distance learning from the Philippines. While there, however, A.B. experienced problems with data and blackouts.

4. Bellis testified that A.B.'s grades suffered due to the inability to connect with her classes. As a result, Bellis decided to return to Guam with A.B.

5. On October 31, 2020, Petitioners arrived in Guam from the Philippines.

6. Upon arrival, DPHSS notified Bellis of her right to an attorney and then transported Petitioners to the Dusit Thani, a government quarantine facility, for a quarantine.

7. Once checked into their room, Petitioners unsuccessfully attempted to access the Dusit Thani wifi network.

8. After Bellis informed DPHSS of the issues with the internet, DPHSS moved Petitioners to a different room.

ORIGINAL

9. Petitioners could not connect to the internet in the new room consistently. Bellis testified that A.B. failed to connect to any of her classes on November 4, 2020. On November 5, A.B. was frozen out of at least one class.

10. Bellis testified that education is vital for A.B.'s future.

11. Petitioners live in Paradise Estates, Dededo. A.B. attended remote learning last school year from her home and had no issues connecting to the internet. Bellis also testified that they can quarantine at home safely and are willing to abide by home quarantine policies.

12. Bellis testified that neither she nor A.B. had experienced symptoms consistent with COVID-19.

## III.   LAW AND DISCUSSION

Under 10 GCA § 19604(b)(6), DPHSS must provide adequate "means of communication with those in isolation or quarantine and outside these settings." Connecting to the internet is undoubtedly one way quarantined individuals may communicate with those outside of a government facility; for students required to learn remotely, a stable internet connection is the only way to attend class and receive an education.

The Court addresses the adequacy of the internet connection provided by DPHSS to those in government facility quarantine, as contemplated by section 19604(b)(6), on a case-by-case basis. Here, the communication is between a student and her ninth-grade classes. The evidence presented at the hearing established that A.B. is required to use a personal computer connected to the internet to attend class. The evidence also established that the wifi connection at the Dusit Thani was inconsistent for A.B.'s educational purposes. When Petitioners informed DPHSS of the issue, DPHSS responded by changing their room. While this response may have been

ORIGINAL

appropriate,[1] it did not sufficiently improve A.B.'s ability to connect to the internet: A.B. could not connect to any of her classes on November 4 and was frozen out of one on November 5.

The Court finds that in order to comply with section 19604(b)(6), DPHSS was required to provide a consistent internet connection for A.B. to participate in distance learning. Also, A.B. had no other means but to rely on the internet connection supplied by DPHSS' chosen quarantine facility vendor in order to attend class. In failing to supply an adequate means of communication for A.B., DPHSS failed to quarantine her with the conditions set forth in section 19604(b)(6). *See Ikei*, SP0138-20 (Findings of Fact and Concls. of Law *15 (Oct. 27, 2020)) ("When examining whether DPHSS has lawfully quarantined individuals for any term, the Court must carefully analyze the 'reasonably necessary,' 'least restrictive means,' and 'substantial risk' tests to determine if DPHSS has satisfied the legislative principles announced in section 19604.").

A poor internet connection meant that A.B. could not receive an education while quarantined. In multiple petitions before this Court by quarantined students similarly prevented from participating in remote learning, the Court has emphasized to DPHSS that such persons have the fundamental right to receive an education even when quarantined by the government. When DPHSS cannot provide a stable internet connection but insists on keeping students under quarantine with no other point of access to school, it interferes with that right. An appropriate and less restrictive means of quarantine for students includes allowing them to quarantine at home if it can be done safely. Again, the Court urges DPHSS to conduct home assessments if it

---

[1] On October 29, 2020, in a separate but related proceeding, Chima Mbakwem testified that the Dusit Thani recently invested approximately $10,000.00 in network upgrades which resulted in the wifi improving to 1 gig. Furthermore, he testified that many of the connectivity issues are due to the security settings on computers and other devices. Moreover, he explained that anyone facing issues with the wifi should inform the Dusit Thani and it would provide support. However, quarantined individuals continue to ask this Court for assistance due to unstable internet connections which prevent them from attending school or working.

cannot provide a stable internet connection at its facility. Bellis and A.B. met that standard here by demonstrating that their home is suitable for home quarantine.

## IV.    CONCLUSION AND ORDER

Bellis stipulated that she agreed to quarantine at home with A.B. for the remainder of their fourteen-day quarantine. Furthermore, the evidence presented at the hearing established that A.B. can consistently connect to the internet at home. Accordingly, DPHSS is ORDERED to transfer Rona Bellis and A.B. to home quarantine as it violated section 19604(b)(6) in not providing adequate means to communicate with those outside of a government facility quarantine. Prior to their transfer, the Bellises shall be subject to testing for COVID-19 and to DPHSS' protocols for home quarantine or isolation, if appropriate.

SO ORDERED this 3rd day of December 2020 nunc pro tunc to 5 November 2020.

_____
**HON. ELYZE M. IRIARTE**
Judge, Superior Court of Guam

**SERVICE** VIA E-M...
I acknowledge that an electron...
copy of the original was e-mailed to:
_____PPSC_____
_____AG_____
Date: ___12/3/20___  Time: ___
_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Public Defender John Morrison, Public Defender Services Corporation, for Petitioners
        Rona Bellis and her minor child, A.B.
Assistant Attorneys General Joseph A. Perez and Janice M. Camacho for Respondent
        Department of Public Health and Social Services

ORIGINAL